## No. 7912.

STATE OF LOUISIANA EX REL. FACTORS' AND TRADERS' INS. CO. VS. MAYOR AND ADMINISTRATORS OF THE CITY OF NEW ORLEANS.

This case is decided upon the same principles as the preceding case of Lucas E. Moore. The Mandamus only modified.

APPEAL from the Third District Court, parish of Orleans.   *Monroe,* J.

Gibson, Hall & Montgomery for Relator and Appellee:

A mandamus will lie to enforce the collection of a municipal tax, needed to pay the obligations of a municipal corporation that were outstanding when a law or a constitution has been passed or adopted limiting the municipal taxation, as such limit prevents the levy and collection of a tax in excess of the limit for the purposes of carrying on the general government only, and does not refer to payment of obligations due when the law or constitution was passed.

A constitution that impairs the obligation of a contract is in effect a law on that subject, and such constitution violates the Constitution of the United States, art. 1, sec. 10.

The Act 31 of 1876 is a contract entered into between the holders of the Premium Bonds and the city, and the city cannot attack it as unconstitutional, because the city was a party to the contract.

The city of New Orleans is estopped from pleading the unconstitutionality of the Premium-Bond Act, because she has pleaded its constitutionality in the Morris Ranger case and the Southern Bank case, and has acted upon it for years, and has induced holders of bonds to exchange them for Premium Bonds, and has reaped all possible advantages from such exchange, and has reduced the debt of the

city, no more bonds having been issued ; only old ones bearing a high interest have been exchanged for Premium Bonds bearing a five per cent interest.

The opinion of the Court was delivered by

FENNER, J.　The relief sought in this case rests upon the same principles as that granted in the case of State *ex rel.* Moore vs. City of New Orleans, No. 7907, docket of this Court ; but the terms of the mandamus granted are too broad to receive our sanction. It commands the defendants absolutely to enforce the ordinances fixing the budget for the year 1880 and levying a tax of fifteen mills.　We held in the above-mentioned case that we would not interfere with the right of the city to remodel her budget and tax ordinances, to reduce her estimates of necessary expenses, and the rate of taxation required to meet the same, provided only she maintains the appropriation for the Premium Bonds and the special tax of five. mills required by the Premium-Bond Act. The judgment must be amended so as to conform to the mandamus granted in the Moore case.

For these reasons, and for the reasons assigned in our opinion in the above case,

It is ordered, adjudged, and decreed that the judgment appealed from be so amended as that the mandamus granted. shall only command the defendants to include in every tax-bill for taxes due said city for the year 1880 one half of one *per cent* of the assessed value of all property taxed, to be applied to the payment and redemption of Premium Bonds according to the plan adopted and ratified by Act No. 31 of 1876 ; and to collect said one half of one per cent at the same time and in the same manner that the other portion of the tax is collected, and to carry the same to the credit of the Premium-Bond account, as required by said act.　And it is further ordered, adjudged, and decreed that the judgment appealed from, as thus amended, be affirmed, appellee to pay costs of this appeal.